1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                  **SOUTHERN DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| 9  TODD ALAN DUELL, Booking #19727431, | Case No.:  3:20-cv-01145-JAH-AGS |
| 10 | **ORDER:** |
| 11                             Plaintiff, | |
| 12          vs. | **1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)(2) [ECF Nos. 2]** |
| 13  ABRAM GENSER; WILLIAM GORE, | |
| 14                         Defendants. | **2)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |
| 15 | |
| 16 | |
| 17 | |
| 18 | **AND** |
| 19 | |
| 20 | **3)  DENYING MOTIONS TO APPOINT COUNSEL, FOR DISCOVERY AND FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE AS PREMATURE [ECF Nos. 3, 8, 10]** |
| 21 | |
| 22 | |
| 23 | |
| 24 | |

25
26        Plaintiff Todd Alan Duell, while detained at the San Diego County Sheriff's
27 Department George Bailey Detention Facility ("GBDF"), awaiting trial in San Diego
28 Superior Court Case No. CD279745 in San Diego, California, and proceeding pro se, has

filed this civil action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, naming the San Diego County Sheriff, and Abram Genser, his public defender, as Defendants. *See* Compl., ECF No. 1 at 1–2.[1] Plaintiff has not paid the civil filing fee required by 28 U.S.C. § 1914(a), but instead has filed Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. He has also filed a Motion to Appoint Counsel, a Motion for Discovery, and a Motion for Preliminary Injunction. *See* ECF Nos. 3, 8, 10.

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

---

[1] After filing, Plaintiff filed a Notice of Change of Address indicating his transfer from GBDF to the San Diego Central Jail ("SDCJ"). *See* ECF No. 11.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. After, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed both a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), as well as a supplemental affidavit in support, he has failed to attach a certified copy of his San Diego County Sheriff's Department Inmate Trust Account Statement Report, or a certified institutional equivalent attesting as to his account activity and balances for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without this documentation, the Court is unable to assess the appropriate amount of the initial filing fee which may be statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

/ / /

/ / /

/ / /

/ / /

**II.    Conclusion and Order**

Accordingly, the Court:

(1)    **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) and **DISMISSES** this civil action without prejudice based on Plaintiff's failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a). Because resolution of Plaintiff's pending Motion to Appoint Counsel, Motion for Discovery, and Motion for Preliminary Injunctive Relief will necessarily depend on his ability to proceed IFP and will require consideration of the allegations raised in his Complaint, which will also be subject to an initial mandatory screening pursuant to 28 U.S.C. § 1915(e)(2) should he successfully renew his request to proceed IFP, the Court also **DENIES** those Motions (ECF Nos. 3, 8, 10) without prejudice as premature.

(2)    **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to re-open his case by either: (1) paying the entire $400 statutory and administrative filing fee in one lump-sum, **or** (2) filing a renewed Motion to Proceed IFP, *which includes a prison certificate and/or a certified copy of his San Diego County Sheriff's Department Inmate Trust Account Statement Report for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

(3)    **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience. But if Plaintiff neither pays the $400 filing fee in full, nor sufficiently completes and files his renewed Motion to Proceed IFP, *together with a certified copy of his 6-month trust account statements* within 45 days, this case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), without obligation to pay the filing fee required by 28 U.S.C. § 1915(b)(1), and without any further Order of the Court.[3]

---

[3]  Plaintiff is cautioned that if he elects to re-open this case by submitting a properly supported renewed Motion to Proceed IFP, he will be required to pay the full filing fee in installments pursuant to 28 U.S.C. § 1915(b)(1) and (2), but his Complaint will be screened

**IT IS SO ORDERED**.

Dated: September 11, 2020

_____

Hon. John A. Houston
United States District Judge

---

by the Court before service and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B) regardless of his continued fee payment obligations. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune). As currently pleaded, it appears Plaintiff's Complaint may be subject to such a dismissal. This is because "a public defender does not act under color of state law [under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). And Sheriff Gore may not be held vicariously liable for the actions of his deputies. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Moreover, to the extent Plaintiff seeks injunctive relief "against the Superior Court of California" related to ongoing criminal proceedings in CD279745, *see, e.g.,* Compl., ECF No. 1 at 33–34, *Younger v. Harris*, 401 U.S. 37 (1971) requires the federal court to abstain where the party can adequately litigate his constitutional claims in the state criminal proceedings, and where the § 1983 suit "would have a substantially disruptive effect upon [those] proceeding[s]." *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).