UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ALAN DUELL,<br>Booking #19727431,<br>CDCR # BI-8918,<br><br>       Plaintiff,<br><br>  vs.<br><br>ABRAM GENSER;<br>WILLIAM GORE,<br><br>       Defendants. | Case No.: 3:20-cv-01145-JAH-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 22]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

   Plaintiff Todd Alan Duell, a California state prisoner currently detained at the San Diego County Jail ("SDCJ"), and either awaiting trial or sentence in San Diego Superior Court Criminal Case No. SCD279745, is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.[1] *See* Compl., ECF No. 1 at 1. While far from clear,

---

[1] According to the San Diego County Sheriff's Department website, Plaintiff is also identified as California Department of Corrections and Rehabilitation ("CDCR") Inmate No. BI-8918, but is currently

Plaintiff's Complaint appears to challenge the effectiveness of his public defender, Defendant Abram Genser, to assert his right to self-representation in the ongoing state criminal proceedings, *see* Compl. at 2, 3 & "Attachment 1," ECF No. 1 at 8-16, and to seek his immediate release based on various conditions of his confinement at the San Diego County Sheriff Department's George Bailey Detention Facility ("GBDF"). *Id.* at 1–4 & "Attachment 2" at 17-30. Plaintiff seeks both general, punitive and Biblical damages[2] pursuant to the Book of Revelations and Galatians against Genser and William Gore, the San Diego County Sheriff, *id.*, "Attachment 4" at 36–37, as well as injunctive relief requiring the dismissal of San Diego County Superior Court Case No. SCD279745, and his immediate release "from all facilities." *Id.* at 4, 30.[3]

## I. Procedural History

On September 11, 2020, the Court denied Plaintiff's initial Motion to Proceed In Forma Pauperis ("IFP") because he failed to attach a certified copy of his inmate trust

---

facing multiple counts of felony forgery in violation of Cal. Penal Code § 115(a) in San Diego Superior Court Criminal Case No. SCD279745. *See* https://apps.sdsheriff.net/wij/wijDetail.aspx?Book_Num=p16EMZPf7dl9kIqp%2fBibGAnOHXSUFOWd%2frgxfouFWBo%3d (last accessed March 4, 2021); *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator); *Graham v. Los Angeles Cty.*, No. 2:18-CV-01126-PA(GJS), 2018 WL 6137155, at *2 (C.D. Cal. May 4, 2018) (taking judicial notice pursuant to Fed. R. Civ. P. 201 of County Sheriff Department's website and its inmate locator function, "which provides some information regarding the status of inmates housed in … County jail[]" for purposes of initial screening pursuant to 28 U.S.C. § 1915A). Plaintiff also filed a habeas corpus petition in this Court pursuant to 28 U.S.C. § 2254 on September 24, 2020, but it was transferred to the Central District of California to the extent it sought to challenge the validity of a February 4, 2019 criminal conviction in Ventura County Superior Court Case No. 2016004124. *See Duell v. Gore, et al.,* S.D. Cal. Civil Case No. 3:20-cv-01914-WQH-AGS (ECF No. 1, "Pet." at 1-2; ECF No. 3-1 "Order of Transfer" at 1-3.); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (citations omitted).

[2] "Like modern tort law, the Bible usually deters tortious activity by imposing upon the wrongdoer a cost that is at least equal to the inflicted harm." Moshe Bar Niv (Burnovski), *Regulating Theft - Lessons from Biblical Law*, 16 RUTGERS J. L. & RELIGION 71, 74 (2014).

[3] Plaintiff also filed a "Supplemental Complaint" (ECF No. 4), "demand[ing] [a] commercial remedy," to "force probate" of his "estate legacy account" based on Defendants' "intentional fraud and failure of the duty of good faith," and an order setting him "at liberty immediately." *See* Suppl. Compl. at 3-4.

account statements as required by 28 U.S.C. § 1915(a)(2), but granted him leave to fix that deficiency. *See* ECF No. 12. In that same Order, however, the Court cautioned that should Plaintiff elect to successfully file a renewed IFP Motion, he would remain obligated to pay the full $350 civil filing fee in installments, and face potential immediate sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* ECF No. 12 at 4–5 n.3.

Specifically, the Court noted that as pleaded, Plaintiff's Complaint appeared subject to dismissal with respect to Defendant Genser because public defenders "[do] not act under color of state law [under § 1983] when performing a lawyers' traditional functions as counsel to a defendant in a criminal proceeding," *id.* (quoting *Polk County v. Dodson¸* 454 U.S. 312, 325 (1981)), and with respect to Defendant Gore because as Sheriff, he could not be held vicariously liable for the actions of his deputies. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Finally, the Court advised Plaintiff that to the extent he sought injunctive relief with respect to still-pending criminal charges in San Diego Criminal Case No. SCD279745, *Younger v. Harris*, 401 U.S. 37 (1971), abstention would be required. *Id.*

Despite these warnings, Plaintiff filed a renewed IFP, together with the trust account statements he was previously lacking.[4] *See* ECF No. 22. He has not, however, filed an Amended Complaint addressing the deficiencies of pleading identified in the Court's September 11, 2020 Order. Instead, he has submitted a "Notice to the Court" seeking leniency in light of his pro se status, together with a proposed summons for purposes of serving Defendants Genser and Gore. *See* ECF No. 24 at 1, 8–9.

**II.   Renewed Motion to Proceed IFP**

As Plaintiff now knows, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must

---

[4] Plaintiff did so, however, only after filing a premature Notice of Appeal (ECF No. 13), which has since been dismissed. *See* ECF No. 25. While that appeal was pending, Plaintiff also requested and was granted an extension of time in which to submit his renewed IFP Motion. *See* ECF Nos. 20, 21.

pay a filing fee of $400.[5] *See* 28 U.S.C. § 1914(a). The action may proceed despite failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of outcome. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, § 1915(a)(2) requires that all prisoners as defined by 28 U.S.C. § 1915(h) who "seek[] to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then must collect subsequent payments,

---

[5] For civil cases like this one, filed before December 1, 2020, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $50 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The $50 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id.* This administrative fee increased to $52 for civil cases filed on or after December 1, 2020, but that portion still does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).

assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

In support of his renewed IFP Motion, Plaintiff has now submitted a prison certificate certified by a San Diego County Sheriff's Department Detentions Captain, together with a copy of his Inmate Trust Account Activity dated January 17, 2020 through September 30, 2020. *See* ECF No. 22 at 4–6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff had $88.22 to his credit at SDCJ at the time of filing, average monthly deposits of $191.67, and carried an average balance of $14.70 in his account over the preceding six-months. *See* ECF No. 22 at 4.

Therefore, the Court GRANTS Plaintiff's Renewed Motion to Proceed IFP (ECF No. 22) and assesses his initial partial filing fee to be $38.33 pursuant to 28 U.S.C. § 1915(b)(1). However, the Court will direct the Watch Commander at SDCJ, or the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or their designees, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by whichever agency has custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

/ / /

/ / /

**III.   Screening pursuant to 28 U.S.C. § 1915(e)(2) & 1915A**

      A.   Standard of Review

As the Court has previously cautioned, because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion thereof, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.      Plaintiff's Allegations

Plaintiff's Complaint does not include any factual allegations. Instead, when asked to identify his causes of action, he merely catalogues his rights to "access to the court, due process, … to be let alone, self-representation, medical care, private contract, liberty, [to be free from] cruel and unusual punishment," and "life." *See* Compl. at 3, 4. In the "supporting facts" section, Plaintiff refers globally to the "totality of the conditions" and the "overall" and "combined affect of multiple violations by multiple state actors." *Id.* at 3. But he names only his public defender and the San Diego County Sheriff as parties, and directs the Court to consider more than 50 pages of his "chronological" narrative enclosed as "Attachments" to his pleading. *Id.* at 4-5, 8–57.[6]

In the first of these, which appears to relate only to Defendant Genser, Plaintiff claims he is both the trustee and beneficiary of a "private, complex, irrevocable trust" which Genser refused to acknowledge was within in his "jurisdiction" or "scope of authority" as Plaintiff's appointed counsel in San Diego Criminal Case No. SCD279745. *See* Attach. 1, ECF No. 1 at 9. Plaintiff then recounts various ways in which Genser has failed to adequately defend him, focusing mainly on Genser's refusals to present financial documents Plaintiff insists are "certified," but his counsel contends "are not real." *Id.* at 9–12, 14. Plaintiff also objects to the Superior Court's denial of his *Marsden* motion,[7] and involuntary psychiatric evaluations ordered by the Court at Genser's behest. *Id.* at

---

[6] "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011); *accord Jackson v. Covello*, No. 3:19-CV-2444 JAH MDD, 2020 WL 6582659, at *3 (S.D. Cal. Nov. 10, 2020).

[7] *People v. Marsden*, 2 Cal. 3d 118, 124-25 (1970) provides a criminal defendant in California the opportunity to explain his reasons for moving to substitute appointed counsel. *Hart v. Broomfield*, 2020 WL 4505792, at *55 (C.D. Cal. Aug. 5, 2020). The Sixth and Fourteenth Amendments guarantee a criminal defendant's right to reject court-appointed counsel and to conduct his or her own defense. *Faretta v. California*, 422 U.S. 806, 834–36 (1975).

11–14.[8]

Plaintiff's second attachment comprises a categorical account of the overall deficient conditions under which he has been detained at GBDF "from January 2019 to current." *See* Compl. at 1, 18–25. In it, Plaintiff broadly claims GBDF is "not equipped" to treat his various medical needs, which include a range of ailments like diabetes, hypothyroidism, an inflamed liver, swollen ankles, kidney stones, blisters, and heart palpitations. *Id.* at 18–20. He objects to the lack of homeopathic remedies, vitamins, testosterone therapy, CBD oil, sterilized drinking water, low-fat dietary options, other means by which he "could receive immediate care through his insurance company," and fears potential exposure to "tuberculosis, hepatitis A/G/C, MERSA, staph, HIV, pneumonia, cold virus, flu virus, fungus, bacteria, and now the deadly world-wide pandemic corona virus," claiming the "systemic breakdown and lack of leadership" in the County jail system since 2009 "warrant[s] [his] removal" from custody. *Id.* at 20-25.

C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015); *see also Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc) (noting the Court reaches the issue of defendants' § 1983 liability only if defendants acted under color of state law, and the conduct deprived plaintiff of a constitutional right).

/ / /

---

[8] Plaintiff's Supplemental Complaint includes many of the same rambling and incoherent allegations against Genser. For example, Plaintiff claims Genser is "in default' and has committed an "intentional fraud" by failing to "execute all motions" and perform his duty to "turn over all legacy estate accounting records and securities" and to "produce evidence of 'supersedeas motion' trust number CD279745 for inspection by this court" within 72 hours. *See* Suppl. Compl., ECF No. 4 at 2–5.

### D. Defendant Genser

As the Court noted in its September 11, 2020 Order, to the extent Plaintiff seeks to sue Abram Genser, his appointed public defender, for failing to provide him effective assistance of counsel, by "block[ing] [his] rights," and by subjecting him to "wanton and unethical treatment by abuse of [the] legal process" pursuant to 42 U.S.C. § 1983, *see* Compl., Attach. 1 at 14–15, 12, he fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk*, 454 U.S. at 325; *Garnier v. Clarke*, 332 Fed. App'x 416 (9th Cir. 2009) (affirming district court's sua sponte dismissal of prisoner's section 1983 claims against appointed counsel); *Schmidt v. Mize*, 2018 WL 2411750, at *3 (S.D. Cal. May 29, 2018) (sua sponte dismissing prisoner's § 1983 claims against public defender pursuant to 28 U.S.C. § 1915(e)(2)).

### E. Sheriff Gore

As the Court also previously cautioned, and notwithstanding his various objections to the general conditions of his confinement at GBDF, Plaintiff's Complaint fails to state a claim against Sheriff Gore. *See* ECF No. 12 at 4-5 n.2.

"[L]iability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Accordingly, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant" in the deprivation alleged. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)); *see also King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) (noting that "state officials are not subject to suit under § 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights"). "A plaintiff must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights." *Barren*, 152 F.3d at 1194. A person deprives another "of a constitutional right, within the meaning of section 1983,

if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff] complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Alternatively, liability also may be imposed under section 1983 if the defendant sets into "motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044 (9th Cir. 1994) (quoting *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987)). Section 1983, however, does not impose liability upon supervisory officials for the acts of their subordinates under a respondent superior theory of liability. *Iqbal*, 556 U.S. at 677 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Taylor*, 880 F.2d at 1045. A supervisory official may only be held liable under § 1983 only if Plaintiff alleges his "personal involvement in the constitutional deprivation, or ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.").

With respect to Plaintiff's conditions of confinement claims arising at GBDF from "January 2019 to current," *see* Compl. at 1, & Attach. 2 at 18–25, he fails to allege any personal involvement on behalf of the Sheriff himself. *See, e.g., Conley v. Nielsen,* 706 Fed. App'x 890, 892 (9th Cir. 2017)) (affirming sua sponte dismissal of claims raised against "all medical staff" at the County Jail because the plaintiff failed to identify any of the individuals involved and describe any "specific conduct attributable to them."); *Iqbal*, 556 U.S. at 678. Instead, Plaintiff's Complaint identifies Defendant Gore by his title as "Sheriff/Warden," *see* Compl. at 2, and broadly charges him with "a systematic breakdown and lack of leadership … since 2009." *See* Compl. at 20. He fails to attribute any specific act of misconduct on any specific occasion to Gore, however; and does not

allege facts sufficient to plausibly show how Gore's purported "lack of leadership" caused him any constitutional injury.[9] *See Iqbal*, 556 U.S. at 677; *see also Jones v. Community Redevelopment Agency of City of Los Angeles,* 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

### F. *Younger* Abstention

Finally, Plaintiff may not use the Civil Rights Act, 42 U.S.C. § 1983, as a vehicle by which to enjoin ongoing state criminal proceedings. Federal courts may not interfere with ongoing state criminal, quasi-criminal enforcement actions, or in civil "cases involving a state's interest in enforcing the orders and judgments of its courts," absent extraordinary circumstances. *See Younger*, 401 U.S. at 43–54; *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013); *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).

A court may consider sua sponte whether *Younger* abstention should be invoked at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *Augustin v. Cty. of Alameda*, 234 Fed. Appx. 521 (9th Cir. 2007); *Salmons v. Oregon*, No. 1:17-CV-01104-MC, 2017 WL 3401270, at *5 (D. Or. Aug. 8, 2017); *see also Washington v. Los Angeles County Sheriff's Dept.*, 833 F.3d 1048, 1058 (9th Cir. 2016) (holding that "a dismissal due to *Younger* abstention [is] similar to a dismissal under Rule 12(b)(6) for lack of subject-matter jurisdiction.").

/ / /

---

[9] Plaintiff does not allege to have actually contracted any disease while in custody—only to fear exposure to them. And while his concerns about contracting COVID-19 in particular are understandable, he fails to offer any specific facts supporting a viable Eighth or Fourteenth Amendment claim or a causal link between Sheriff Gore's acts or omissions and any compensable injury. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679; *Harmon v. City of Twin Falls*, No. 1:20-CV-00525-BLW, 2021 WL 51756, at *4 (D. Idaho Jan. 6, 2021) (finding convicted prisoner's unsupported claims of "increased risk from COVID-19" while in county custody insufficient to state a claim for relief pursuant to 28 U.S.C. § 1915(e) and § 1915A).

Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

Here, Plaintiff alleges his San Diego criminal proceedings commenced in January 2019 and were still ongoing at the time he filed his Complaint.[10] *See* Compl. at 1. State proceedings are deemed ongoing until appellate review is completed. *See Gilbertson*, 381 F.3d at 969 n.4 (citation omitted); *Huffman v. Pursue*, 420 U.S. 592, 608 (1975) ("[A] necessary concomitant of Younger is that a party ... must exhaust his state appellate remedies before seeking relief in the District Court.").

There is no question that whatever the specific nature of Plaintiff's current criminal charges, they implicate important state interests, and "involve [the] state's interest in enforcing orders and judgments of its courts." *Sprint*, 571 U.S. at 73; *ReadyLink*, 754 F.3d at 759. Specifically, Plaintiff claims his public defender has failed to adequately represent him, has subjected him to psychiatric evaluation without his consent, and objects because the trial court has refused to "discharge" him. *See* Compl. at 11-16, 27. These are the type of claims and relief the state courts afford an adequate opportunity to raise on direct appeal, or via a writ of mandate in the state's courts. *See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d

---

[10] According to the San Diego County Sheriff's Department website, Plaintiff was booked into County custody in San Diego Criminal Case No. SCD279745 on May 2, 2019, but has yet to be tried or sentenced. *See* https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=LjrB5gNMagoGDldo3hRD0IY_60kQor1G%2fdJizJZGT0RQ%3d (last accessed March 4, 2021).

1087, 1095 (9th Cir. 2008); *Clark v. Lassen Cnty Justice Court*, 967 F.2d 585 at *1 (9th Cir. 1992) (sua sponte dismissing federal civil action challenging state court's bail determinations as frivolous pursuant to 28 U.S.C. § 1915(d) [currently codified at 28 U.S.C. § 1915(e)(2)(B)(i)] as barred by *Younger*). In fact, Plaintiff alleges to have filed writs of mandamus with the California Court of Appeal arguing he should be permitted to "represent himself under the 6th and 14th Amendments," *see* Compl. at 13, and he explicitly seeks this Court's intervention by way of a "dismissal of the case (CD279745) in its entirety and liberty from all facilities." *Id.* at 30.[11]

Because "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction ... until after the jury comes in, judgment has been appealed from and the case concluded in the state courts," *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972), *Younger* abstention is required here. *ReadyLink*, 754 F.3d at 759; *see also Rivera v. Gore*, No. 3:17-CV-02225-WQH-NLS, 2018 WL 1001252, at *6 (S.D. Cal. Feb. 21, 2018) (sua sponte dismissing pretrial detainee's § 1983 claims requesting the "dismissal" of an ongoing criminal proceeding and the "reduction of the bail" on *Younger* abstention grounds).

Thus, for all the foregoing reasons, Plaintiff's Complaint must be dismissed sua sponte based on his failure to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126–27; *Wilhelm*, 680 F.3d at 1121.

G.   Leave to Amend

Because Plaintiff has been previously apprised of his pleading's deficiencies, but has failed to fix them, the Court finds granting him further leave to amend would prove

---

[11] Moreover, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner in state custody "cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489).

futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)). Amendment would also be futile because even if Plaintiff could adequately plead a plausible claim for relief upon which § 1983 relief can be granted, this Court would nevertheless be required to abstain. *See Clark v. Superior Court of Cal.*, No. 3:19-cv-00141-LAB-LL, 2019 WL 1114881, at *5 (S.D. Cal. Mar. 11, 2019) (denying pro se inmate leave to amend as futile when complaint was barred by *Younger* abstention); *Davis v. Mendes*, No. 13-CV-1817 BEN RBB, 2014 WL 1744137, at *3 (S.D. Cal. Apr. 30, 2014) (denying leave to amend as futile when prisoner's § 1983 claims were subject to dismissal under § 1915(e)(2) and § 1915A based on absolute immunity and *Younger* abstention).

### IV. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 22).

2. **DIRECTS** the Watch Commander of GBDF, or the Secretary of the CDCR, or their designees, and any subsequent "agency having custody" of Plaintiff to collect from his trust account the $38.33 initial partial filing fee assessed by the Order, and to garnish the remainder of the $350 filing fee owed in this case in monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $ 10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS

ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego County Jail, 1173 Front Street, San Diego, California 92106, *and* to forward an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** this civil action based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) *and* as barred by *Younger*.

5. **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

6. **DIRECTS** the Clerk of the Court to enter judgment and to close the file.

**IT IS SO ORDERED**.

Dated: March 30, 2021

_____
Hon. John A. Houston
United States District Judge